Case: 1:25–mc–00148
Assigned To : Boasberg, James E.
Assign. Date : 9/8/2025
Description: Misc.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

In re Petition of Cheryl Sims,
Petitioner,

Misc. Action No. _____

RECEIVED
Mailroom
SEP - 8 2025
Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

## RULE 27 PETITION TO PERPETUATE TESTIMONY AND PRESERVE EVIDENCE

Petitioner, Cheryl Sims ("Petitioner"), respectfully petitions this Court pursuant to Federal Rule of Civil Procedure 27 to perpetuate testimony and preserve evidence before the filing of a civil action. Petitioner brings this action under seal as a whistleblower who has uncovered evidence of judicial misconduct, obstruction of justice, and coordinated violations of her civil rights. Petitioner reasonably fears retaliation and therefore seeks protective relief.

### I. JURISDICTION

This Court has jurisdiction pursuant to Federal Rule of Civil Procedure 27 and 28 U.S.C. § 1331, as the anticipated action will involve federal questions, including claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, and 18 U.S.C. § 1962 (RICO).

### II. FACTUAL BACKGROUND

1. In January 2022, a custody order was issued in Monroe County, Pennsylvania, following proceedings that disregarded material evidence, including a Texas divorce decree referencing abuse.

2. During the custody proceedings, Judge C. Daniel Higgins Jr. ignored or excluded relevant testimony and admitted false or forged evidence presented by Respondent Michael Grannan and his attorney, Michelle Farley.

3. Members of Petitioner's family, including Delores Sims, Darlene Sims, Camille Sims, and Ryan Sims, engaged in intimidation of witnesses, dissemination of false information, and alienation of Petitioner's son.

4. Before and after the order, Petitioner has been subject to threats of arrest, surveillance of her home, and intimidation by opposing counsel. For example, Attorney Michelle Farley threatened Petitioner with arrest and dispatched police to her residence despite no violation of the custody order.

5. Petitioner's reports of misconduct to state and federal agencies have not resulted in investigation or protection. In April 2024, after reporting judicial misconduct to the Monroe

County District Attorney's Office, a detective dismissed her concerns and instructed her to "get counseling."

6. Petitioner has been excluded from her son's major life events, including his high school graduation, while the Defendants were invited. Petitioner's son continues to report being told not to speak to her.

7. These facts demonstrate an ongoing conspiracy to obstruct justice, intimidate witnesses, and deprive Petitioner of her civil rights. Unless preserved now, crucial testimony and documents will be lost, destroyed, or irreparably tainted by intimidation.

## III. PURPOSE OF PETITION

The purpose of this Petition is to preserve testimony and documentary evidence essential to an anticipated federal civil action. Petitioner reasonably fears:
- Imminent retaliation, including further threats of arrest and harassment;
- Permanent loss of contact with her child; and
- Destruction or concealment of key testimony and records by adverse parties.

This Petition seeks Court authorization to perpetuate testimony and preserve evidence under Rule 27 before the anticipated civil action is filed.

## IV. RELIEF REQUESTED

1. Authorizing the perpetuation of testimony of key witnesses, including but not limited to:
   - Family members who witnessed intimidation or were pressured by Delores Sims and others;
   - Former counsel, agency officials, and court personnel with knowledge of misconduct or suppression of evidence;
   - Petitioner herself, whose testimony should be preserved in light of ongoing retaliation.

2. Authorizing the preservation of documentary exhibits (A–O), which include: false allegations, court orders, transcripts, divorce decrees, judicial misconduct complaints, malicious prosecution evidence, surveillance records, conspiracy documentation, witness lists, contempt evidence, intimidation, parental alienation, prior divorce filings, and agency complaints.

3. Allowing this Petition and its exhibits to remain under seal, as Petitioner is a whistleblower with a legitimate fear of retaliation.

4. Directing that all hearings be conducted remotely, with ADA accommodations for written and email communication.

5. Prohibiting disclosure of Petitioner's contact information to adverse parties without further order of this Court.

## V. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court grant this Petition to perpetuate testimony and preserve evidence, issue appropriate protective orders, and provide all necessary relief to ensure the safety of Petitioner as a whistleblower.

Respectfully submitted,

Dated: 9/4, 2025

Cheryl Sims
Petitioner, Pro Se

3. Prohibit disclosure of Petitioner's identity and contact information to adverse parties without further order of this Court.

Respectfully submitted,

Dated: 9/4, 2025

*Cheryl Sims*
Cheryl Sims
129 Old Orchard Drive
Saylorsburg, PA 18353
cdsims1119@gmail.com
Relator, Pro Se